IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JUAN VILLARREAL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | Cause No.4:18-cv-00570 |
| v. | § § | |
| NATIONAL OILWELL VARCO, L.P. and NOV GP HOLDING, L.P., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Juan Villarreal (referred to as "Plaintiff") bringing this lawsuit on behalf of himself to recover unpaid overtime wages from Defendants National Oilwell Varco, L.P. and NOV GP Holding, L.P. (hereafter referred to as "NOV"). In support thereof, he would respectfully show the Court as follows:

### I.   NATURE OF SUIT

1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay,

minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

2.      Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

## II.      JURISDICTION AND VENUE

3.      Plaintiff's claims arise under the FLSA.  29 U.S.C. §§ 201-219.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III.      THE PARTIES

5.      Plaintiff Juan Villarreal is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  Plaintiff Juan Villarreal was employed with Defendants as a rig welder.  Plaintiff regularly worked in excess of forty (40) hours per week.  However, Plaintiff

did not receive overtime pay for all hours worked at the minimum wage and for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

6.     Defendant National Oilwell Varco, L.P. is a Delaware Limited Partnership that may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7.     Defendant NOV GP Holding, L.P. is a Delaware Limited Partnership that may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.   FACTS

11.    NOV owns and operates an international offshore and onshore drilling, well-servicing and workover contracting company, located in the territorial jurisdiction of this Court.

12.    Plaintiff was employed by NOV as a rig welder within the last three years.

13.    During Plaintiff's employment with NOV, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production

of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

14.     During Plaintiff's employment with NOV, he regularly worked in excess of forty hours per week.

15.     NOV knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

16.     NOV paid rig welders, including Plaintiff, at a fixed rate for each hour's work which does not take into consideration the total number of hours worked each week.

17.     Additionally, Defendant did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

18.     NOV knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

19.     NOV failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

20.     NOV knew or showed a reckless disregard for whether its pay practices violated the FLSA.

21.     NOV is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**V.     Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

22.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

23.     During Plaintiff's employment with NOV, he was a nonexempt employee.

24.     As a nonexempt employee, NOV was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

25.     NOV to pay Plaintiff for the hours he worked over forty in a workweek at one and one-half times his regular rate.

26.     If NOV classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

27.     NOV knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, NOV willfully violated the overtime requirements of the FLSA.

**VI.     Jury Demand**

28.     Plaintiff demands a trial by jury.

**VII.     Prayer**

29.     Plaintiff prays for the following relief:

    a.  Judgement awarding Plaintiff all unpaid minimum wage, overtime compensation, liquidated damages, attorneys' fees and costs;

b. Postjudgment interest at the applicable rate;

c. All such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ANDRE R. TORRES**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5, I certify that I have served this document on all other parties—which are listed below—on July 18, 2018, as follows:

David M. Gregory
Katherine G. Cisneros
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002

☐ mail
☐ personal delivery
☐ delivery to clerk's office
☐ electronic means
☒ CM/ECF system

_____
Melissa Moore