UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | C.A. No. 4:17-cv-00782 |
| V. | § § | |
| NATIONAL OILWELL VARCO, L.P. and NOV GP HOLDING, L.P., | § § § § | |
| Defendants. | § | |

**DEFENDANT NOV GP HOLDING, L.P.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant NOV GP Holding, L.P. ("NOV Holding" or "Defendant") respectfully files this Answer to Plaintiff's First Amended Complaint (the "Complaint"), as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the FEDERAL RULES OF CIVIL PROCEDURE, NOV Holding asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

NOV Holding admits that Plaintiff purports to bring this lawsuit on behalf of himself to recover alleged unpaid overtime compensation, but specifically denies that any such violations have occurred; or that Plaintiff has suffered any damages or is entitled to any of the relief sought; or that Plaintiff is or ever was employed by NOV Holding; or that NOV Holding, as a holding company that does not engage the services of independent contractors and does not employ employees, is an appropriate party to this lawsuit. NOV Holding denies all remaining allegations in the Introductory Paragraph of the Complaint.

## I. NATURE OF SUIT

1. The statements in Paragraph 1 of the Complaint contain statements of law or legal conclusion to which no answer is required. To the extent an answer is required, NOV Holding denies all allegations in Paragraph 1 of the Complaint.

2. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all allegations in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. NOV Holding admits that this Court has subject matter jurisdiction over this action, but asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all remaining allegations in Paragraph 3 of the Complaint.

4. NOV Holding admits that venue is proper in this Court, but asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all remaining allegations in Paragraph 4 of the Complaint.

## III. THE PARTIES

5. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 5 of the Complaint, so NOV Holding denies all allegations in Paragraph 5 of the Complaint.

6. NOV Holding admits the allegations in Paragraph 6 of the Complaint.

7. NOV Holding admits the allegations in Paragraph 7 of the Complaint.

8. The statements in Paragraph 8 of the Complaint, explaining what Plaintiff means when it is alleged that Defendants did or failed to do an act, do not require a response; however, to the extent a response is required, NOV Holding denies all such allegations in Paragraph 8 of the Complaint. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all remaining allegations in Paragraph 8 of the Complaint.

## IV.  FACTS

11. NOV Holding admits that NOV provides NOV's products and services internationally and does business in the territorial jurisdiction of this Court. NOV Holding denies all remaining allegations in Paragraph 11 of the Complaint.

12. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 12 of the Complaint, so NOV Holding denies all allegations in Paragraph 12 of the Complaint..

13. NOV Holding admits that NOV had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others and had an annual gross volume of sales made or business done of at least $500,000. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 13 of the Complaint, so NOV Holding denies all remaining allegations in Paragraph 13 of the Complaint.

14. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 14 of the Complaint, so NOV Holding denies all allegations in Paragraph 14 of the Complaint.

15. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 15 of the Complaint, so NOV Holding denies all allegations in Paragraph 15 of the Complaint.

16. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 16 of the Complaint, so NOV Holding denies all allegations in Paragraph 16 of the Complaint.

17. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 17 of the Complaint, so NOV Holding denies all allegations in Paragraph 17 of the Complaint.

18. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 18 of the Complaint, so NOV Holding denies all allegations in Paragraph 18 of the Complaint.

19. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 19 of

the Complaint, so NOV Holding denies all allegations in Paragraph 19 of the Complaint, and specifically denies that any similarly situated others exist.

20. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 20 of the Complaint, so NOV Holding denies all allegations in Paragraph 20 of the Complaint.

21. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding lacks sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 21 of the Complaint, so NOV Holding denies all allegations in Paragraph 21 of the Complaint.

**V.     Count One—[Alleged] Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

22. NOV Holding restates and incorporates by reference its Answers and Objections for Paragraphs 1 through 21, as though fully set forth herein.

23. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all allegations in Paragraph 23 of the Complaint.

24. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all allegations in Paragraph 24 of the Complaint.

25. NOV Holding asserts that Paragraph 25 of the Complaint is incomplete, and as such, NOV Holding is unable to determine if it has sufficient knowledge to form a belief as to the truth of Plaintiff's allegations in Paragraph 25 of the Complaint, so NOV Holding denies all allegations in Paragraph 25 of the Complaint.

26. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all allegations in Paragraph 25 of the Complaint.

27. NOV Holding asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, as such NOV Holding denies all allegations in Paragraph 27 of the Complaint.

## VI.    Jury Demand

28. NOV Holding acknowledges that Plaintiff demands a trial by jury.

## VII.    Prayer

29. NOV Holding acknowledges that Plaintiff demands the requested relief contained in Paragraph 29 and subparts (a)-(c) of the Complaint, but asserts that it is a holding company that does not engage the services of independent contractors and does not employ employees, and so NOV Holdings denies the allegations contained in Paragraph 29 and subparts (a)-(c) of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

30. Each defense and affirmative defense is made without assuming the burden of proof and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

31. NOV Holding is a holding company and has never engaged the services of independent contractors and has never employed employees. NOV Holding does not meet the definition of "employer" under the FLSA with respect to Plaintiff. 29 U.S.C. § 203(d).

32. Plaintiff has never been employed by NOV Holding with respect to any of the acts or omissions alleged in the Complaint. Plaintiff does not meet the definition of "employee"

under the FLSA with respect to any of the acts or omissions alleged in the Complaint. 29 U.S.C. § 203(e).

33. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not compensable hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

34. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation for hours worked while outside of the geographic scope covered by the FLSA. 29 U.S.C. § 213(f).

35. Plaintiff's claims are barred, in whole or in part, by the applicable two (2) year statute of limitations. 29 U.S.C. § 255(a).

36. Plaintiff's claims are barred, in whole or in part, by the applicable three (3) year statute of limitations. 29 U.S.C. § 255(a).

37. Plaintiff's claims are barred, in whole or in part, to the extent the amount of alleged unpaid overtime was *de minimis*.

38. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are preliminary or postliminary to principle work activities that are not integral and indispensable to principle work activities, per the Portal-to-Portal Act, 29 U.S.C. § 254.

39. If Plaintiff performed work activities that he did not record as work and for which he was not paid, NOV Holding did not permit, know of, or have reason to know of these work activities or the time spent in performing those activities. Therefore, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

40. Some or all of the time Plaintiff spent performing uncompensated work, if any, does not count as hours worked or compensable time because: (1) any activities performed were not suffered or permitted; (2) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (3) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; or (4) the alleged activities did not occur.

41. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, estoppel, acquiescence, ratification, accord and satisfaction, settlement, release, and/or unclean hands.

42. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate and/or by the doctrine of setoff.

43. NOV Holding did not willfully violate the FLSA with respect to Plaintiff or any other individual. No action taken by NOV Holding with respect to Plaintiff constitutes willful, knowing, or reckless disregard of Plaintiff's rights under the law.

44. Plaintiff's claims are barred, in whole or in part, because any action taken in connection with Plaintiff's compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices, or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies, including state agencies.

45. Plaintiff is not entitled to any liquidated damages because NOV Holding acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

46. To the extent Plaintiff seeks remedies against NOV Holding beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

47. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216, 260.

48. Plaintiff has been paid all wages to which he is entitled under federal and/or state law.

49. If and to the extent NOV Holding is found liable for any unpaid wages or other amounts, NOV Holding claims a credit or setoff for all amounts actually paid to Plaintiff, all amounts advanced or paid in excess of that to which Plaintiff was legally entitled, all amounts paid as premium rates that are not calculated as part of the regular wages, all times that Plaintiff reported or claimed as work time that he did not in fact work, all amounts of time to which he was not entitled under the relevant wage statutes, and all other amounts or time that Plaintiff took to which he was not entitled, if any.

50. Without conceding that Plaintiff has suffered any damages as a result of any alleged acts or omissions by NOV Holding, Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable. The Complaint fails to allege any claim amount, dates or periods of alleged overtime work, and any amount of wages allegedly owed.

51. NOV Holding further asserts all other defenses available under the Fair Labor Standards Act.

52. NOV Holding also reserves the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

## **PRAYER**

WHEREFORE, Defendant NOV GP Holding, L.P. prays that the Court dismiss Plaintiff's Complaint, that Plaintiff take nothing by his Complaint, that all relief prayed for by

Plaintiff in this action be denied, and that NOV Holding be given such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: August 1, 2018

Respectfully submitted,

By: */s/ David M. Gregory*
DAVID M. GREGORY
Texas Bar No. 24007274
Southern District ID No. 24397
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717
**ATTORNEY IN CHARGE
FOR DEFENDANT NOV GP
HOLDING, L.P.**

**OF COUNSEL:**

KATHERINE G. CISNEROS
Texas Bar No. 20494591
Southern District of Texas No. 2717699
(713) 226-1616 (Telephone)
(713) 223-3717 (Facsimile)
katherine.cisneros@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002

KELLINE R. LINTON
Texas Bar No. 24085436
Southern District of Texas No. 2127346
(713) 226-1164 (Telephone)
(713) 223-3717 (Facsimile)
kelline.linton@lockelord.com
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 1st day of August, 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record referenced below via the Court's ECF system:

Melissa Moore
Curt Hesse
Bridget Davidson
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002

                                                             */s/ David M. Gregory*
                                                             David M. Gregory